# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN STOUT II,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0835** (BOR Appeal No. 2052915)
                    (Claim No. 2018002461)

**ADVANTAGE SOLUTIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Stout II, by Counsel William Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Advantage Solutions, by Counsel Noah Barnes, filed a timely response.

The issue on appeal is whether or not Mr. Stout is entitled to temporary total disability benefits in this claim. On March 1, 2018, the claims administrator denied Mr. Stout's request for temporary total disability benefits from February 15, 2018, through April 23, 2018. In a separate Order dated March 1, 2018, the claims administrator closed the claim for temporary total disability benefits. In its Order, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's Orders. The Office of Judges awarded temporary total disability benefits from September 29, 2017, through October 27, 2017, and thereafter as substantiated by proper medical evidence. The Office of Judges also reversed the claims administrator's decision to close the claim for the payment of temporary total disability benefits. This appeal arises from the Board of Review's Final Order dated August 28, 2018, in which the Board reversed and vacated the May 9, 2018, Order of the Office of Judges, and reinstated the claims administrator's two orders dated March 1, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Stout previously worked for Advantage Solutions as a retail sales representative. He was injured at work on July 19, 2017, when he was lifting a large bag of cat litter while working at Wal-Mart. A plastic strap broke on the box and the box fell on Mr. Stout's right foot causing pain, swelling, bruising, and causing him to walk with a limp. He filed an Employees' and Physicians' Report of Injury on August 2, 2017. The physician's section of the form was completed by Timothy Wilson, D.O., who diagnosed Mr. Stout with a nondisplaced fracture of the distal phalanx of the right great toe. Dr. Wilson checked the box indicating that the injury was an occupational injury and he referred Mr. Stout to Michael Kovalick, D.O.

Mr. Stout treated with Dr. Kovalick for his injury. Dr. Kovalick thereafter completed a Physician's Report of Work Ability form dated August 9, 2017, indicating that he could return to work with restrictions from August 10, 2017, through August 31, 2017. Dr. Kovalick limited Mr. Stout's activity to be mostly seated duty with occasional walking or standing. Mr. Stout was also ordered to rest his foot as much as possible. Advantage Solutions issued a letter dated August 11, 2017, indicating that Mr. Stout was approved for a leave of absence from August 9, 2017, through August 31, 2017. The claims administrator held the claim compensable for nondisplaced fracture of the distal phalanx of the right great toe, sequela by Order dated August 15, 2017.

Mr. Stout was seen at East Ohio Regional Medical Center on September 7, 2017, by Dr. Kovalick for a follow-up examination. Mr. Stout reported that he was still having pain and felt unsteady when climbing up or going down stairs. Dr. Kovalick stated that he was able to palpate the great toe without much difficulty and that Mr. Stout was able to flex and extend his toe. After reviewing the initial x-rays, Dr. Kovalick noted that he was having a difficult time seeing any fracture of the right great toe. Dr. Kovalick believed that it was not definite as to whether Mr. Stout ever had a nondisplaced fracture and, if so, it would have healed within the six weeks since the injury. Dr. Kovalick released Mr. Stout to return to work as of September 11, 2017, with the restrictions that he should not run, jump, squat, or climb.

Mr. Stout returned to work on September 14, 2017. The claims administrator suspended temporary total disability benefits on September 14, 2017, and noted that he had been released to return to work. Mr. Stout was able to work for several weeks. However, he was terminated on September 29, 2017, for violation of the employer's attendance policy.

A day before Mr. Stout's termination, he returned to Dr. Kovalick complaining of pain between his first and second metatarsal on his right foot, as well as some pain along the plantar surface of his foot. He also complained that his ankle felt unsteady. Dr. Kovalick noted no bruising or discoloration of Mr. Stout's foot. Dr. Kovalick also filled out a Physician's Report of Work Ability form and marked the box that Mr. Stout could return to work with restrictions from September 28, 2017, through October 27, 2017. Dr. Kovalick referred Mr. Stout to Joseph H. Goodwin, DPM.

On October 2, 2017, the claims administrator issued a protestable Order informing Mr. Stout that it had received medical evidence to continue temporary total disability benefits. Temporary total disability benefits were continued after being suspended on September 14, 2017. On November 1, 2017, the claims administrator approved the request for a referral to Dr. Goodwin.

Dr. Goodwin examined Mr. Stout on November 15, 2017, and he reported pain on palpation of the right hallux as well as moderate soft tissue swelling. The claims administrator authorized Dr. Goodwin as the treating physician of record by letter dated January 10, 2018.

Dr. Goodwin completed a Diagnosis Update form on January 11, 2018, wherein he requested that the diagnoses of nondisplaced fracture distal phalanx right hallux, pain of the right toes, crush injury of the right foot, and neuralgia/neuritis be added to the claim. Dr. Goodwin requested authority for electromyography testing and arterial studies to see if the crush injury caused more than a fracture. On January 16, 2018, the claims administrator authorized Dr. Goodwin's request for electromyography testing and an arterial study. An electromyography procedure of both lower extremities was conducted at Ohio Valley Medical Center on February 1, 2018, which was interpreted as showing no evidence for radiculopathy or neuropathy.

The claims administrator issued two separate Orders dated March 1, 2018, with respect to the issue of temporary total disability. The first Order notified Mr. Stout that his request for temporary total disability benefits for the period of February 15, 2018, to April 23, 2018, was denied. The claims administrator based its decision upon the information that Mr. Stout had been released to return to work on September 11, 2017. The Order also noted that Mr. Stout's employment had been terminated on September 29, 2017. In the second Order, the claims administrator closed the claim for temporary total disability benefits because the claims administrator had not received medical evidence showing that Mr. Stout continued to be totally disabled. Again, the claims administrator based its decision upon Mr. Stout being released to return to work on September 11, 2017. Mr. Stout protested both decisions of the claims administrator.

In an Order dated May 9, 2018, the Office of Judges found that Mr. Stout showed by a preponderance of the evidence that the claims administrator erred in closing the claim for the payment of temporary total disability benefits and denying benefits pursuant to its separate Orders of March 1, 2018. The Office of Judges determined that Mr. Stout is entitled to temporary total disability benefits from September 29, 2017, through October 27, 2017, and thereafter as established by proper medical evidence. The Office of Judges also addressed the second Order dated March 1, 2018, and reversed the claims administrator's decision by finding that Mr. Stout did not violate the employer's attendance policy. The Office of Judges stated that the claims administrator erred in its reliance on Mr. Stout's termination based upon a violation of company policy to deny his request for temporary total disability benefits. The employer protested the decision.

In an Order dated August 28, 2018, the Board of Review found that the Office of Judges' analysis and conclusions were affected by error of law and clearly wrong in view of the reliable, probative and substantial evidence of the whole record. The Board found that Dr. Kovalick released Mr. Stout to return to work on September 11, 2017, with restrictions. Mr. Stout returned to work on September 14, 2017. The Board of Review reasoned that Mr. Stout was working until his employment was terminated on September 29, 2017. The Board of Review further found that the claims administrator's closure of the claim was proper because Mr. Stout was released to return to work and he returned to work before being terminated by his employer for violating the employer's attendance policy. The order of the Office of Judges dated May 9, 2018, was reversed

and vacated. The Board of Review reinstated the two Orders of the claims administrator dated March 1, 2018.

After review, we agree with the decision of the Board of Review. The Board of Review was correct to reverse the Order of the Office of Judges based upon the facts in evidence and the statutory language of West Virginia Code § 23-4-7(a)(e) (2018). Evidence clearly shows that Mr. Stout was terminated from his employment for violation of the employer's attendance policy. Because he was terminated for cause, there are no lost wages to replace. The Board of Review was correct to reinstate the claims administrator's Orders dated March 1, 2018.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 3, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

4